UNITED STATES DISTRICT COURT
Eastern District of Michigan
Southern Division

CHERYL BROWN,

    Plaintiff,

vs.

Case No.

JORDAN PATTERSON,
DEANNA PROOST
Mitchell LAMOUR,
City of Monroe Police Officers,
In their Individual Capacities.

    Defendants.
_____/

PAUL M. HUGHES (P-36421)
Attorney for Plaintiff
2446 Orchard Lake Road
Sylvan Lake, Mi 48320
(313) 778-3340
+63 654 970 4078
paulmalcolmhughes@gmail.com

Jeffrey S. Sherbow (P-25324)
James Shimoura (P-29433)
Co-Counsel for Plaintiff
Law Offices of Jeffrey S. Sherbow, PC
2446 Orchard Lake Road
Sylvan Lake, Mi 48320
(248) 481-9362
jeff@sherbowlaw.com
jwslaw@yahoo.com

## PLAINTIFF'S COMPLAINT

*There is no other pending or resolved case between
these parties or other parties arising out of this Complaint*

**NOW COMES** the Plaintiff, CHERYL BROWN by and through her attorneys, PAUL M. HUGHES, and LAW OFFICES OF JEFFREY S. SHERBOW, P.C. who alleges as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against all Defendants.

2. Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §1343.

3. Forum is proper based on the situs of the incident, which occurred in the City of Monroe, Monroe County, Michigan, within the Eastern District of Michigan.

4. At all pertinent times Plaintiff, CHERYL BROWN, was a United States citizen.

5. At all pertinent times, all INDIVIDUAL Defendants were employed as police officers by the CITY OF MONROE POLICE DEPARTMENT and were acting under color of law.

## COMMON ALLEGATIONS

6. On June 21, 2022, Mrs. Brown, who was 65 years old at the time, was driving her car in the City of Monroe when she was stopped by officers of the City of Monroe Police Department for alleged traffic violations.

7. After the stop Officer Patterson asked the Mrs. Brown for her driver's license.

8. Mrs. Brown attempted to find a picture offers driver's license on her phone and Officer Patterson waited for her to produce it.

9. At the same time, Officer Proost kept insisting that Mrs. Brown must produce her actual driver's license and that displaying a picture of it was not acceptable.

10. Because Mrs. Brown was unable to find a copy of a picture of her driver's license she informed Officer Patterson five (5) times that she had it and would give him her license,

2

but he flatly refused to take it as seen on his body camera.

11. Officer Patterson then told Mrs. Brown to get out of the car and she did so voluntarily as seen on his body camera.

12. After Mrs. Brown stepped out of her vehicle she was handcuffed by all three Defendants at one point or another.

13. During the handcuffing process Officer Lamour used what is known as a "Kimura lock" that is often used in the sport of martial arts which can render an opponent helpless and cause great pain and injury, one of which is a rotator cuff injury.

14. Whereas Mrs. Brown had two cortisone shots in the year preceding this incident for pain in her right shoulder, her doctors did no other treatment for her.

15. Two days after this incident Mrs. Brown went to see her treating physicians complaining of shoulder pain; an MRI taken one month later showed a serious torn rotator cuff tear in her right shoulder requiring surgical intervention and one year of physical therapy.

16. Both officers Patterson and Proost falsified their reports by stating that Mrs. Brown refused her driver's license to the officers and that she did not voluntarily leave her vehicle but had to be taken out of it by the officers which is contrary to the facts and what is clearly seen and heard on the body camera to justify their arrest of her for obstructing and resisting arrest.

17. Some or all of these misrepresentations by the Defendant officers were made to the supervisor who appeared on the scene.

18. Defendant Patterson made false statements to defendant Lamar regarding what had occurred during the course of Mrs. Brown's arrest.

19. Defendant Proost had no body camera at all which upon information and subject to further discovery may have violated the policy of the City of Monroe Police Department.

20. Even though Mrs. Brown was arrested for two felonies, was injured and a medic was called to the scene, Defendant Lamour, who is believed to be the arresting officer, made no police report of this incident, nor did the supervisor who arrived and investigated what had happened which violated the policy of the City of Monroe Police Department.

## COUNT I

### 4th and 14th Amendment
### 42 U.S.C. 1983 & 1985
### Illegal Search and Seizure
### Excessive Force as to all Defendants

21. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word against these Defendants.

22. The Defendants' actions were done in their individual capacities, and under color of state law and federal law.

23. The Individual Defendants' actions as more clearly set forth in the section labeled "Common Allegations", violated clearly established rights Plaintiff including, but not limited to:

    a. The right to be free from wrongful arrest and wrongful imprisonment (4th and 14th Amendment);

    b. The right to be free from excessive and unnecessary force causing extreme injury.

23. The rights violated by these officers were clearly established at the time of the

occurrence and would have been known by any objectively reasonable law officer.

24. Mrs. Brown was not stopped for a dangerous crime; she was sitting in her car with the engine off with two armed police officers on each side of her car (decades her junior) and she was not attempting to flee nor was she actively resisting the Defendants. Despite these circumstances, Defendant Lamour used a "Kimura lock" maneuver on her right arm with sufficient force to cause a full rotator cuff injury to her right shoulder. The use of this martial arts maneuver was extreme and completely unnecessary under the circumstances.

25. Plaintiff has a well-grounded belief and subject to further investigation and discovery that thousands of times on any given year the vast majority of times law enforcement officers in the State of Michigan as well in the City of Monroe come to the conclusion that a driver has no operator's license in their possession they are not arrested, they are not forcibly handcuffed by multiple officers causing injury, nor are their cars not impounded; they are just given a ticket and sent on their way. (See *Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006), *Kent v. Oakland Cty.*, 810 F.3d 384, 390 (6th Cir. 2016),. *Graham v Conner* 490 US 386, *at* 396, (1989), *Barnes v Felix,* et al, No. 23-1239, slip op. US, May 15, 2025).

## COUNT II
### 4th AND 14th AMENDMENT VIOLATIONS "FABRICATION OF EVIDENCE" BY DEFENDANT'S PATTERSON AND PROOST

26. Plaintiff incorporates by reference each preceding paragraph as if fully stated herein.

27. Mrs. Brown had a constitutional right, secured by the 4th Amendment, not to be

seized and deprived of liberty because of fabrication of evidence by a government officer acting in an investigative capacity (See Jackson v. City of Cleveland, 925 F.3d 793, 816 (6th Cir. 2019).

28. Mrs. Brown had a constitutional right, secured by the 14th Amendment Due Process clause, not to be seized and deprived of liberty because of fabrication of evidence by a government officer that would "shock the conscience." (See Hirmuz v. City of Madison Heights, 469 F.Supp.2d 466 (E.D. Mich. 007) (citing Rochin v. California, 342 U.S. 165, 172, 174; 72 S.Ct. 205; 96 L.Ed.2d 183 (1952)).

29. Mrs. Brown's constitutional right to be free from arrest and prosecution based upon fabrication of evidence was violated when both officers falsified their reports which were contrary to the facts and body cameras in order to justify bringing charges against her for Resisting and Obstructing arrest in an attempt create probable cause for her arrest.

30. These Defendants further influenced or participated in the initiation of criminal prosecution when they deliberately and knowingly made false statements and material omissions of evidence in their police reports and testimony to a judge in support of their arrest of Mrs. Brown.

31. But for these Defendants' fabricated evidence and deliberate false statements and material omissions in their reports and sworn testimony before a Magistrate Judge, probable cause would have been lacking and she never would have had to engage in Court appearances, nor be humiliated by being required to be examined by the Forensic Center on more than one occasion.

6

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff, CHERYL BROWN prays for damages against Defendants for their wrongful arrest, use of excessive force and the fabrication of evidence in violation of the Constitution, including:

A. Past and future compensatory damages in a minimum amount of $300,000.00;

B. Punitive damages in a minimum amount of $100,000.00;

C. Lost earning capacity in the amount of not less than $50,000.00;

D. Reasonable attorney fees and costs pursuant to 42 U.S.C. §1988;

E. Costs and disbursements of this action pursuant to 42 U.S.C. §1920;

F. Such other and further relief that is just and proper.

Respectfully submitted,

/s/ Paul M. Hughes

PAUL M. HUGHES, P 36421
2446 Orchard Lake Road
Sylvan Lake, Mi 48320
(313) 778-3340
+63  954 970 4078
paulmalcolmhughes@gmail.com


/s/ Jeffrey S. Sherbow

Jeffrey S. Sherbow (P-25324)
James Shimoura (P-29433)
Co-Counsel for Plaintiff
Law Offices of Jeffrey S. Sherbow, PC
2446 Orchard Lake Road
Sylvan Lake, Mi 48320
(248) 481-9362
jeff@sherbowlaw.com
jwslaw@yahoo.com

Dated  June 16, 2025

UNITED STATES DISTRICT COURT
Eastern District of Michigan
Southern Division

CHERYL BROWN,

  Plaintiff,              Case No.

vs.

JORDAN PATTERSON,
DEANNA PROOST
MITCHELL LAMOUR,
City of Monroe Police Officers,
In their Individual Capacities.

  Defendants.
_____/

PAUL M. HUGHES (P-36421)
Attorney for Plaintiff
2446 Orchard Lake Road
Sylvan Lake, Mi 48320
(313) 778-3340
paulmalcolmhughes@gmail.com

Jeffrey S. Sherbow (P-25324)
James Shimoura (P-29433)
Co-Counsel for Plaintiff
Law Offices of Jeffrey S. Sherbow, PC
2446 Orchard Lake Road
Sylvan Lake, Mi 48320
(248) 481-9362
jeff@sherbowlaw.com
jwslaw@yahoo.com
_____/

## JURY DEMAND

The Plaintiff demands a trial by a jury of her peers on all matters presented in her complaint.

                Respectfully submitted,

/s/ Paul M. Hughes

_____

PAUL M. HUGHES, P 36421
2446 Orchard Lake Road
Sylvan Lake, Mi 48320
(313) 778-3340
paulmalcolmhughes@gmail.com


/s/ Jeffrey S. Sherbow

_____

Jeffrey S. Sherbow (P-25324)
James Shimoura (P-29433)
Co-Counsel for Plaintiff
Law Offices of Jeffrey S. Sherbow, PC 2446
Orchard Lake Road
Sylvan Lake, Mi 48320
(248) 481-9362
jeff@sherbowlaw.com
jwslaw@yahoo.com


Dated: June 16, 2025